**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**RODNEY BUNCH**                                                                        **PETITIONER**
ADC #117083

**VS.**                          **CASE NO.: 5:15CV00245 SWW/BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                 **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.      **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. Any party may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record.

**II.**      **Jurisdiction**

Petitioner Rodney Bunch, an Arkansas Department of Correction inmate, filed a pro se petition for writ of habeas corpus and an amended petition under 28 U.S.C. § 2254, challenging his convictions for aggravated robbery and theft of property. (Docket entry

#1, #4) Mr. Bunch filed a previous federal habeas corpus petition challenging the same convictions. *Bunch v. Hobbs*, 5:12CV00360 SWW/BD (E.D.Ark. filed September 17, 2012). Judge Wright dismissed the petition without prejudice and declined to issue a certificate of appealability. *Id*. (dismissed October 12, 2012).

Mr. Bunch filed a notice of appeal with the Eighth Circuit Court of Appeals. The Court treated the notice as an application for certificate of appealability, which it reviewed and denied. *Bunch v. Hobbs*, No. 12-3611 (8th Cir. 2013)(cert. denied. 134 S. Ct. 310, (2013) reh'g denied, 134 S. Ct. 992 (2014)).

After additional state filings, Mr. Bunch has filed this second federal habeas petition and amended petition. (docket entries #1, #4) The Court lacks jurisdiction to hear Mr. Bunch's petition.

As noted, Mr. Bunch has already challenged his convictions through a federal habeas petition. Before filing a second or successive habeas corpus petition in federal court, a petitioner must seek and receive an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even where the petitioner claims actual innocence. 28 U.S.C. § 2244(b)(2)(B)(i)-(ii). Without an order from the court of appeals authorizing the filing

of a second or successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003). The pending petition is clearly "successive" because Mr. Bunch has filed a prior petition challenging the same state convictions. There is nothing in the record to indicate that Mr. Bunch sought and received authorization from the Court of Appeals before filing this successive petition. 28 U.S.C. § 2244(b)(1)-(3)(A).

### III. Conclusion

The Court recommends that Judge Wright DENY and DISMISS Rodney Bunch's petition for writ of habeas corpus (#1) and amended petition for writ of habeas corpus (#4), without prejudice, for lack of jurisdiction and DENY his motion for evidentiary hearing (#3) as moot. The Court further recommends that Judge Wright deny a certificate of appealability.

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

DATED this 28th day of August 2015.

_____
UNITED STATES MAGISTRATE JUDGE